FILED by MM D.C.
ELECTRONIC

Oct 30, 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

ANGELO SKULAS,

**09-CV-61742-Dimitrouleas/Snow**

　　Plaintiff,

v.

CREDIT COUNSEL, INC.,

　　Defendant.

_____/

## COMPLAINT
### JURY DEMAND

1.　　Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA"),

## JURISDICTION AND VENUE

2.　　This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant sent letters into this District.

## PARTIES

3.　　Plaintiff, ANGELO SKULAS, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4.    Defendant, CREDIT COUNSEL, INC., is a corporation and citizen of the State of Florida with its principal place of business at Suite 216, 1400 NE Miami Gardens Drive, Miami, Florida 33179.

5.    Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6.    Defendant regularly collects or attempts to collect debts for other parties.

7.    Defendant is a "debt collector" as defined in the FDCPA.

8.    At all times material to the allegations of this complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9.    Defendant sought to collect from Plaintiff an alleged debt for burglar alarm services at Plaintiff's residence.

10.    On or about March 2, 2009, Defendant sent a letter directly to Plaintiff at his home address seeking to collect the alleged debt.

11.    At the time Defendant sent its March 2, 2009 letter, Defendant knew Plaintiff was represented by an attorney with respect to the alleged debt.

12.    Plaintiff's attorney had not consented to Defendant's direct communication with Plaintiff.

2

13.    Plaintiff's attorney had not failed to respond to any communication of

Defendant within a reasonable amount of time.

14.    No court had authorized Defendant's direct communication with

Plaintiff.

15.    At the time Defendant sent its March 2, 2009 letter, Defendant knew

the FDCPA prohibited it from communicating directly with Plaintiff.

16.    If Defendant continues to communicate directly with Plaintiff,

Plaintiff will be harmed in the future by the inability to avail himself to the

representation of his counsel.

## COUNT I
## COMMUNICATION WITH A CONSUMER REPRESENTED BY COUNSEL IN VIOLATION OF 15 U.S.C §1692c(a)(2)

17.    Plaintiff incorporates Paragraphs 1 through 16.

18.    Defendant communicated directly with Plaintiff when Defendant

knew Plaintiff was represented by an attorney in violation of 15 U.S.C.

§1692c(a)(2).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of

Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT II
## COMMUNICATION WITH A CONSUMER REPRESENTED BY COUNSEL IN VIOLATION OF Fla. Stat. §559.72 (18)

19.     Plaintiff incorporates Paragraphs 1 through 16.

20.     Defendant communicated directly with Plaintiff when Defendant knew Plaintiff was represented by an attorney in violation of Fla. Stat. §559.72 (18).

21.     The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div.*, 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

   a.     Damages;

   b.     Attorney's fees, litigation expenses and costs of suit;

   c.     declaring that Defendant's direct communication with Plaintiff violates the FCCPA;

   d.     permanently injoining Defendant from direct communication with any debtor known to be represented by counsel; and

   e.     Such other or further relief as the Court deems proper.

## COUNT III
## ILLEGAL COLLECTION TECHNIQUES IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

22.   Plaintiff incorporates Paragraphs 1 through 16.

23.   Defendant asserted the right to collect a debt by communicating directly with Plaintiff when Defendant knew Plaintiff was represented by an attorney and when Defendant knew did not have a legal right to directly communicate with Plaintiff in violation of Fla. Stat. §559.72(9).

24.   The FCCPA provides for equitable relief including injunctive relief. _Berg v. Merchs. Ass'n Collection Div._, 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

a.   Damages;

b.   Attorney's fees, litigation expenses and costs of suit;

c.   declaring that Defendant's assertion of the right to communicate directly with Plaintiff violates the FCCPA;

d.   permanently injoining Defendant from asserting the right to directly communicate with any debtor known to be represented by counsel; and

e.   Such other or further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands trial by jury.

5

Dated this _29_ day of October, 2009.

>DONALD A. YARBROUGH, ESQ.
>Attorney for Plaintiff
>Post Office Box 11842
>Ft. Lauderdale, FL 33339
>Telephone: 954-537-2000
>Facsimile: 954-566-2235
>donyarbrough@mindspring.com
>
>By:_____
>Donald A. Yarbrough, Esq.
>Florida Bar No. 0158658

6

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I(a) PLAINTIFFS | DEFENDANTS |
|---|---|
| ANGELO SKULAS | CREDIT COUNSEL, INC. |

| (b)  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF (EXCEPT IN U.S. PLAINTIFF CASES) **BROWARD** | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____ (IN U.S. PLAINTIFF CASES ONLY) NOTE:     IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|

| (c)  ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| DONALD A. YARBROUGH, ESQ. POST OFFICE BOX 11842 FORT LAUDERDALE, FL 33339, TELEPHONE (954) 537-2000 | 09 CV 61742 - Dimitrouleas/ Snow |

(d)     CIRCLE COUNTY WHERE ACTION AROSE:
DADE, MONROE, **BROWARD,** PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

| II.      BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY) | III.      CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Case Only) | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | PTF | DEF | | PTF | DEF |
| ☐ 1.  U.S. Government Plaintiff    ☒ 3.  Federal Question (U.S. Government Not a Party) | Citizen of This State | ☐ 1 | ☐ 1 | Incorporation and Principal Place of Business in This State | 1 | ☐ 1 | |
| | Citizen of Another State | ☐ 2 | ☐ 2 | Incorporation and Principal Place of Business in Another State | 2 | 2 | |
| ☐ 2.  U.S. Government Defendant    ☐ 4.  Diversity (Indicate Citizenship of Parties in Item III) | Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 3 | ☐ 3 | |

**IV. CAUSE OF ACTION**      (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

**IVa.** ___1-2___ days estimated (for both sides) to try entire case  15 U.S.C. §1692 et. Seq. Violations of Fair Debt Collection Practices Act

## NATURE OF SUIT      (PLACE AN X IN ONE BOX ONLY)

| A CONTRACT | A TORTS | B FORFEITURE PENALTY | A BANKRUPTCY | A OTHER STATUS |
|---|---|---|---|---|
| ☐ 110  Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400  States Reappointment |
| ☐ 120  Marine | ☐ 310 Airplane       ☐ 362 Pers. Injury-Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410  Antitrust |
| ☐ 130  Miller Act | ☐ 315 Airplane Product Liability    ☐ 365 Personal Injury-Prod. Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **A PROPERTY RIGHTS** | ☐ 430  Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander    ☐ 368 Asbestos Personnel Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450  Commerce/ICC Rates/etc. B |
| ☐ 150  Recovery of Overpayment & Enforcement of Judgment | | | | |
| ☐ 151  Medicare Act | ☐ 330 Federal Employers' Liability     **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460  Deportation |
| ☐ 152  Recovery of Defaulted Student Loans (excl Veterans) B | ☐ 340 Marine      ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470  Racketeer Influenced and Corrupt Organizations |
| ☐ 153  Recovery of Overpayment of Veteran's Benefits B | ☐ 345 Marine Product Liability    ☐ 371 Truth in Lending B | ☐ 660 Occupational Safety/Health | **B SOCIAL SECURITY** | ☐ 810  Selective Service |
| ☐ 160  Stockholder's Suits | ☐ 350 Motor Vehicle     ☐ 380 Other Personnel Property Damage | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850  Securities /Commodities /Exchange |
| ☐ 190  Other Contract | ☐ 355 Motor Vehicle Product Liability  ☐ 385 Property Damage Product Liability | **A LABOR** | ☐ 862 Black Lung (923) | ☐ 875  Customer Challenge 12 USC 3410 |
| ☐ 195  Contract Product Liability | ☐ 360 Other Personal Injury     ☐ | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891  Agricultural Acts |
| **A REAL PROPERTY** | **A CIVIL RIGHTS**       **B PRISONER PETITIONS** | ☐ 720 Labor Management Relations B | ☐ 864 SSID Title XVI | ☐ 892  Economic Stabilization Act |
| ☐ 210  Land Condemnation | ☐ 441 Voting     ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor Management Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893  Environmental Matters |
| ☐ 220  Foreclosure B | ☐ 442 Employment   ☐ 530 General* | ☐ 740 Railway Labor Act | **A FEDERAL TAX SUITS** | ☐ 894  Energy Allocation Act |
| ☐ 230  Rent Lease & Ejectment | ☐ 443 Housing/Accommodations  ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895  Freedom of Information Act |
| ☐ 240  Torts to Land | ☐ 444 Welfare    ☐ 540 Mandamus & Other* | ☐ 791 Employee Ret. Inc. Security Act B | ☐ 871 IRS-Third Party 26b USC 7609 | ☐ 900  Appeal of Fee Determination under Equal Access to Justice |
| ☐ 245  Tort Product Liability | ☐ 440 Other Civil Rights   ☐ 550 Civil Rights *A or B | | | ☐ 950  Constitutionality of State Statutes |
| ☐ 290  All Other Real Property | | | | ☒ 890  Other Statutory Actions* *A or B |

| VI. ORIGIN | (PLACE AN X IN ONE BOX ONLY) | | | |
|---|---|---|---|---|
| ☒ 1. Original Proceeding | ☐ 2 Removed from State Court    ☐ 3. Remanded from Appellate Court | ☐ 4. Refiled     ☐ 5. Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7. Appeal to District Judge from Magistrate Judgment |

| VII.  REQUESTED IN COMPLAINT | CHECK IF THIS IS A ☐ UNDER F.R.C.P.23 | CLASS ACTION No | DEMAND $ N/A | ☐ Check YES only if demanded in complaint      JURY DEMAND: | ☒ YES ☐ NO |
|---|---|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | (See Instructions): | JUDGE | DOCKET NUMBER |
|---|---|---|---|

DATE: October 29, 2009     SIGNATURE OF ATTORNEY OF RECORD

| UNITED STATES DISTRICT COURT | FOR OFFICE USE ONLY:  Receipt No._____     Amount:_____ |
|---|---|
| S/F 1-2 REV. 9/94 | Date Paid: _____     M/ifp: _____ |



# 547924    10/30/09